**Rachel JENKINS, Plaintiff–Appellant,**

**v.**

**NYS BANKING DEPT., Defendant–Appellee.**

1. Jenkins filed her first complaint, *pro se,* in July 2007, alleging discrimination on the bases of gender, age, and religion. In November 2007, she filed a second *pro se* complaint,

Rachel Jenkins, Plaintiff–Appellant,

v.

NYS Banking Dept., Defendant–Appellee.

Nos. 10–3281–cv, 10–3293–cv.

United States Court of Appeals, Second Circuit.

Jan. 30, 2012.

Rachel Jenkins, pro se, Brooklyn, NY.

Robert C. Weisz, Assistant Solicitor General (Michael S. Belohlavek, Senior Counsel, of counsel, Barbara D. Underwood, Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Defendant–Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

In these tandem appeals, Appellant Rachel Jenkins, *pro se,* challenges the District Court's June 15, 2010, judgments granting Appellee's motions for summary judgment and dismissing Jenkins's employment discrimination actions.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

raising certain identical, and certain additional, claims of discrimination. The two actions were assigned to the same judge and litigated jointly, though never consolidated.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are " 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.' " *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York,* 131 F.3d 305, 312 (2d Cir.1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Following a *de novo* review of the record, we affirm for substantially the same reasons stated by the District Court in its careful and comprehensive June 11, 2010, Memorandum Opinion, as amended by its order of September 30, 2010. Jenkins has not raised any specific challenge to the District Court's summary judgment decision and has not set forth any arguments challenging that decision in her opening brief. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,* 412 F.3d 418, 428 (2d Cir.2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding that issues not raised in *pro se* appellant's opening brief were abandoned and observing that "we need not manufacture claims of error for an appellant proceeding *pro se,* especially when he has raised an issue below and elected not to pursue it on appeal").

## CONCLUSION

We have considered all of Jenkins's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the District Court.